in case number 23-1566 Freeman versus Lincalis. Ms. Meth. Madeleine Meth for Appellant Rocky Freeman, and may it please the Court, I'd like to reserve two minutes for rebuttal.  I'll begin with why FTCA presentment is a non-jurisdictional rule, and any failure to present is an affirmative defense that must be timely raised by the government. The government here, however, waited to raise the presentment defense until its third dispositive motion nearly six years after Freeman sued, and after the case had previously been remanded by this Court on other grounds. I'll walk the Court through the Supreme Court's clear statement rule and its application to the statutory texted issue here, and address this Court's since overruled but nonetheless lingering precedent. To bring a negligence action against the United States, an individual must first present the claim to the appropriate federal agency. This presentment requirement is found in 28 U.S.C. Section 2675A. Looking to the statutory text, Congress did nothing special beyond setting an exception-free procedural requirement. Section 2675A is trained on the actions that a claimant must take, and says nothing about the Court's power to hear a claim. Like most statutory procedural requirements, Section 2675A is framed in mandatory terms, but that's not enough, according to the Supreme Court, to tag a procedural rule as jurisdictional. And I point the Court to, for example, the Supreme Court's decision in Wong, which is about this very statute, the FTCA, in that case, a statute of limitations, that has emphatic mandatory language that says a claim shall be forever barred if the statute of limitations is not met. And yet the Supreme Court there held, as it has consistently held since Irwin, that that mandatory language was insufficient to tag the rule as jurisdictional. The FTCA's jurisdiction-granting provision is 28 U.S.C. Section 1346, and it grants Court's jurisdiction over civil actions against the United States for money damages. It doesn't mention presentment, and so again, we know that this is a non-jurisdictional rule. And so for that reason, when the government failed to raise the presentment defense for nearly six years, it forfeited that defense. And, of course, should this Court disagree with our position that presentment is non-jurisdictional and the government forfeited the defense, we also argue that Mr. Freeman properly presented here. Let's go back to, I think you're going to get to Shelton, right? So what do we do with Shelton, which clearly stated that this is jurisdictional? As a panel, what do we do with Shelton? So in our view, Shelton doesn't analyze whether the requirement is jurisdictional or not. It simply states that the rule is jurisdictional in a lonely sentence that didn't impact the disposition. Well, it affirmed the district court's finding that it had no jurisdiction to hear the FTCA claim. I mean, I think that's a holding counsel, right? I mean, I understand you're saying, you know, maybe it didn't get it right. So under the Supreme Court's reading of these sorts of cases that have a lonely sentence describing a rule as jurisdictional, that's a so-called drive-by jurisdictional ruling that has no precedential effect. So that's the Supreme Court language, not my language. And therefore, I don't think that Shelton binds the court, particularly because Shelton is presumably relying on cases like White Squire that come before the Supreme Court's decision in Wong, which plainly abrogates White Squire because it rejects the very same reasoning that White Squire relies on to hold that Section 2675B is jurisdictional. And of course, in our view, because White Squire is focused on Section 2675B and not Section 2675A, a panel of this court could apply the clear statement rule to Section 2675A without acknowledging that White Squire has been plainly abrogated by the Supreme Court. But we think that that would be quite odd, given the way in which Wong rejected White Squire's reasoning. And of course, in any case here, we maintain that Mr. Freeman presented because he sent an SF-95 form to the Probation Office, which failed to transfer the form to the Administrative Office. So that's the regulatory practice, but that's not what the FTCA says. So help me understand why he has presented, even if he hasn't sent it to the right agency, merely because there's a regulatory practice that encourages transfer. The regulatory practice fills in the gaps here of what the statutory provision provides. And what Section 2675A says is that if, after six months, the individual hasn't received a final agency denial, they can deem their claim as having been presented, and then any time thereafter, they can file suit. And they're actually not subject to a statute of limitations at that point. But the six-month window is triggered by the fact that you're sending it to the right agency in the first place. It's not a gap. It's the way it works. You send it to the right agency. You don't get a notice back. Six months, you're good to go. So we all agree that didn't happen here. He didn't send it to the right agency. That's right. But to be clear, the validity of this regulation is not at issue before this Court. The government has never challenged the validity of the regulation. And in our opinion, it's just why does the regulation matter in the interpretation of the statute? Because what the regulation says is the manner in which a claim ends up presented to the appropriate agency depends on the government following this regulation, which provides one of two paths. If the improper agency receives the SF-95 form and it's clear the appropriate agency from that form, they transfer it to the appropriate agency. And if it's not, they provide it back to the claimant. And under those circumstances, the claimant has the opportunity. I totally get it, buddy. How does that change the ordinary reading of the FTCA, which applies to all litigants? It doesn't change the ordinary reading of the FTCA because Section 2675A includes the deeming provision. So the deeming provision says once you haven't received notice within six months, then you can file suit. And to be clear here, Mr. Freeman had no idea that it was the government's position at all that he had failed to present to the right agency until nearly six years into this litigation. And that was in part because, you know, a BOP counselor told him to present his SF-95 form to probation. So that's at JA-198. So he has no reason to know that he hasn't presented to the appropriate agency. I understand the sort of equitable, almost latches kind of defense that's being raised here. But I'm still trying to understand how the language presented to the appropriate federal agency can mean not presented to the appropriate federal agency merely by operation of a regulation. It's constructive presentment. And the way that the statute allows for constructive presentment is the part of Section 2675A that allows for a constructive final denial of the claim. And here the government. But isn't the constructive final denial based on the inaction of the United States? Both are based on the inaction of the United States, though, because the constructive final denial under Section 2675A says the agency hasn't provided the final denial within six months, and now the individual can move forward and file suit any time thereafter. And what this regulation says. Would this mean that any FTCA plaintiff can simply write on the presentment to the right federal agency and put it in the mail, and then it's the obligation of the United States to figure out where it goes. And if it doesn't do that within six months, then it's considered constructively never presented, constructively presented, and that's fine. That's sort of what happened here, right? I mean, I understand. I understand I'm taking it a little further. But isn't that what winds up happening is that we're reading this out and saying, as long as you send it somewhere to the government, then it's on them to figure out where it goes. But that's not what – that doesn't seem like this is what Congress wrote. So in terms of if there are concerns about individuals, you know, failing to present under these circumstances, I would just point out that Green and Bukala, this is the Eighth Circuit opinion and Seventh Circuit opinion to have dealt with the regulation and the statute. These are cases from 1989 and 1988. This doesn't come up very often, and that's either because the regulation is working as intended, it's the internal procedure that the government consistently follows to ensure that the presentment requirement is followed or the deeming provision kicks in, and the government has this available defense in every case. And, you know, either they typically raise that defense, you know, very soon after the litigation is filed, or individuals aren't making this mistake because they really have no incentive to do this. And, again, I just emphasize that Mr. Freeman – Well, I mean, their incentive would be the six-month time limit, right? So no, because what the regulation says is that if it's clear from the SF-95 form, the federal agency sends it to the appropriate agency, and if not, it's sent back to the claimant, and then the statute of limitations does apply. And in Green and Bukala, those were circumstances where there were questions about whether the statute of limitations should apply or not. But in any case, it's certainly our view that the simplest way for the court to decide this presentment issue is to hold the rule non-jurisdictional and recognize the government's forfeiture. And I want to talk about why this case should be remanded for discovery, should the court agree with us on the presentment issues, because I think the government mischaracterizes our position on the discovery concerns. Freeman does not maintain that it was an abuse of discretion for the district court to stay discovery. That was certainly an appropriate exercise of the district court's discretion, and this is at Addendum 5 and Addendum 6. The court says, Nothing set forth herein should be construed as precluding additional time for discovery if we deny defendant's motion. That was defendant's pending motion to dismiss or motion for summary judgment on this purportedly jurisdictional dispositive issue. So should this court reverse that grant of the motion to dismiss, then the district court would be free to exercise its discretion over a determination as to whether Mr. Freeman should be entitled to more time for discovery or whether his motion to compel should be granted. And the reason why more discovery is important here is that the government says that Mr. Freeman has not shown, you know, what security classification he received, what classification he should have received, absent an error, how the classifications impacted housing designation, solitary confinement, decisions, restraint policies, and the like. And those are questions that he can only answer through discovery, which he has not had the opportunity to take because of a stay in discovery, which was entirely an appropriate exercise of the district court's discretion. And if there are no further questions, I'll reserve the remainder of my time. Thank you, counsel. We'll hear from you on rebuttal. Mr. Bannon? Good morning. May it please the court. Patrick Bannon on behalf of Appellees United States of America and Joseph Lincolas. I'd like to just begin with this court's long line of precedent, including the Shelton case, which was previously mentioned, holding that the presentable requirement is jurisdictional and cannot be waived. I'd be happy to answer any questions on the jurisdictional requirement or this court's precedent on that issue. Well, I mean, it seems, as I understand your adversary's position, it's Shelton doesn't apply because it's been eroded by Supreme Court's decision. Suppose we agree with that, then do you think there was proper presentment? Well, so just to counsel's point about Shelton having been abrogated by subsequent Supreme Court precedent, they point to the Wong case, which Shelton has actually decided after the Wong case, and the Wong case dealt with the statute of limitations issue and not the presentable requirement. And this court has continued to cite Shelton, White Squire in cases post-dating Wong, including the Knapp case that we cited, which is not a precedential case. So suppose we say, if you could raise this, then why hasn't Mr. Freeman satisfied presentment, as counsel argues, by sending it to the best agency that seemed appropriate for this, and then the regulation should have required transfer? Well, I think the district court identified two distinct issues for why presentment wasn't met here. And the first is, as the district court acknowledged, this sort of mistaken mailing argument doesn't satisfy the presentable requirement. And understanding that the regulation requires a transfer if it's sent to the wrong agency, this court, in its order directing the parties to address this issue, identified a few cases, specifically the Mata case out of the Eleventh Circuit, which permits this idea of constructive filing in the case where, or at least acknowledges the issue of constructive filing when a claim is sent to the wrong agency. But I think the Mata case is very instructive here and is aligned with the district court's decision, where in that case the Eleventh Circuit identified two sort of requirements for constructive filing to actually occur. And the first of those is that the federal agency was in actual receipt of the administrative TOR claim. And the second is that the TOR claim otherwise satisfies the presentment requirements. And so I think with respect to the first claim, the idea of actual receipt, there's no evidence in the record that the probation office actually ever received the administrative TOR claim for the purposes of transferring it. And this court has held in the Lightfoot decision, which is a precedential opinion addressing this issue, that actual receipt is the requirement. The mailbox rule simply doesn't apply to these FDCA claims. Has the government ever asserted that the presentation was not received? So that issue was not briefed, and I understand it wasn't part of our brief to this court. I was just simply trying to address the questions that were raised. Well, given the government's briefing in the district court, albeit late, that's something that the government clearly could have brought up before, that this was never received by the probation department. I believe so. I think the argument has simply been from the beginning that Mr. Freeman does claim that he sent the SF-95 form to the probation department, but it was never admitted or acknowledged, and there's no evidence in the record that it was ever actually received from the department. And, again, I understand that that was not something that was raised in the briefing. I was just pointing to specifically the Mata case, which this court identified, and this court's precedent in Lightfoot about the mailbox rule. And, again, these are issues that are tied into the jurisdictional argument with respect to satisfying the presentment requirement. But I think the issue that was raised and was addressed by the district court is the second part of the Mata case was that the SF-95 or the administrative tort claim needs to satisfy presentment itself, and I think the district court found that Mr. Freeman's administrative tort claim did not satisfy that requirement because it did not put the government on notice to be able to investigate and possibly settle the claim because it was insufficiently pled in the tort claim. So I think each of those is an independent basis for presentment. So I wanted to get back. So is there any requirement that when a presentment is received that the government inform the complainant that it was received? So in the regulation, that is what is applied. If there is a tort claim that's sent to the wrong agency, my understanding is that when it is transferred to the correct agency, the correct agency is to respond to the claimant that it has been received by the correct agency, and that starts the six-month period over. As the district court acknowledged, Mr. Freeman never received anything or claims to have received anything from any agency. What if it's just sent to the correct agency in the first instance? Is there a requirement that the agency respond and say, we've received your complaint? I'm not sure if there's a requirement that in the first instance the agency is required to receive. I'm not sure if it is supposed to. And I know that in terms of the different agencies across the federal government, each has its own regulations that might differ or be substantially similar to one another. I know in the LIFA case, that was a post office regulation that they were dealing with, which doesn't apply to the government more broadly, but applies to the post office. And given the order of events here where there was a motion to dismiss, and I think in the alternative for summary judgment, did the government ever file an answer to the complaint? I do not believe so. Okay, so it was never given an opportunity to admit or deny receipt of the presentment? No, I do not believe that that's the case. I was just pointing to the evidence in the record and the district court's decision that there was no evidence to support that it was actually received, and this court has required actual receipt as sort of the standard. And so, but if there had been an answer to the complaint, then there could have been an admission or a denial, and then perhaps a discovery on questions about mailing, time of mailing, when it would have been received, and so on and so forth. Would you agree with that? Yes, yeah, I would. And I think, you know, there is evidence in the record that the ALUSA never received the complaint via transfer, but like I said, there's no evidence in the record from the probation department, other than what we acknowledge, Mr. Freeman's claim that he mailed it to the probation office. What do you make of the district court ruling first that it lacks jurisdiction to consider the FTCA claim, but then issuing a ruling on the merits of that claim purportedly under Rule 56 and entering a judgment? Are those both valid orders that are under review in this appeal? I'm sorry. Can you repeat the question? I'm not sure I understand exactly. The district court's October 17th order says first defendant's Rule 12b motion is granted in that the FTCA claim is dismissed for lack of jurisdiction. And then it says defendant's Rule 56 motion is granted. And alternatively, summary judgment on the FTCA claim is granted in favor of the defendants. How can it do both, and which of those orders is appropriately before us? Well, so I think just to clarify, Mr. Freeman raised multiple categories of claims against multiple different defendants. So he has Bivens claims, which I'm happy to answer questions about, but against individual probation officers, individual Bureau of Prisons officers, and then he has FTCA claims against the Bureau of Prisons and the probation office. So the court dismissed the claims for lack of jurisdiction against the probation office, but reached the merits of his FTCA claims against the Bureau of Prisons because presentment was not an issue there, and so granted summary judgment with respect to those claims. So I think both of those issues are presently before the court, but they're distinguished. Well, I mean, the order says that the FTCA claim against the Bureau of Prisons and the United States Probation Office is dismissed, and then it goes on to enter summary judgment on the FTCA claim. So, but I understand, and I'm talking only about the FTCA claim because, and you, I believe, have stated that you don't actually represent the defendants with regard to the Bivens claim. No, we do not. We tried to clarify that in our briefing, and we addressed the issue of those claims based on this court's order directing the parties to address the Bivens claims. But we have not, because those defendants have not been served under the DOJ policy, we neither sought nor received approval to represent them. That would only happen after service, once we go through the process. But we did address the Bivens claims in our briefing based on this court's order directing the parties to do so. But just to acknowledge it, we do not represent those named defendants. If there are no other questions, I'll save the rest of my time. Thank you, counsel. Thank you. On the actual receipt point, that's a point that has never been raised by the government. And, in fact, there is evidence in this record of actual receipt. It's the SF-95 form, JA-458. This is a, we would view the facts in favor of my client here. And the SF-95 form includes all of the relevant information. The government's suggestion that it argued below that the SF-95 form didn't include a physical injury is incorrect. Our understanding of what the district court was responding to when it discussed the physical injury was that it was responding to the PLRA pleading requirement about physical injury, not any presentment requirement on this issue. Of course, our principal position is that this is a non-jurisdictional rule, and the government forfeited the defense by failing to raise it. And as to Shelton, I would just emphasize that Shelton does not apply the clear statement rule. It doesn't analyze that precedent. And that's the rule that binds this court from the Supreme Court is the clear statement rule. And so we'd ask the court to apply that rule. Just one thing on the physical injury issue. So the PLRA requires a physical injury in order to award damages for any mental or emotional injury. But is there any authority that the PLRA, even in exhaustion of, say, a 1983 claim administratively requires presentation of a physical injury? No, and my client would be entitled to, for example, nominal damages, even if he couldn't prove a physical injury, which he will be able to upon an opportunity to obtain discovery. And so the categories of damages that are nominal, potentially punitive, depending on the tort, and compensatory, and so you're saying that physical injury requirement would only go to the compensatory damages. That's right. And so for all of these reasons, we'd ask that this court reverse the grant of the motion to dismiss, remand for discovery, and appoint counsel for Mr. Freeman on remand. Thanks so much. Thank you, counsel. The case is submitted. Thank you.